UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                         :

SPHERE DIGITAL, LLC.,                   :           ORDER

              Plaintiff,                :           1:20–CV–4313(CM)

      -against-                          :

CHRISTOPHER ARMSTRONG, OFFER  :
SPACE, LLC, and TRAFFIC SPACE LLC  :

             Defendants.            :

------------------------------------------------------------X

**DECISION AND ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO TRANSFER TO THE DISTRICT OF UTAH**

1

McMahon, C.J.:

**INTRODUCTION**

On June 5, 2020, Sphere Digital, LLC (Plaintiff) commenced this action against the following three defendants: (1) Offer Space, LLC (Offer Space); (2) Christopher Armstrong (Armstrong); and (3) Traffic Space, LLC (Traffic Space), (collectively "Defendants"). Plaintiff asserted a breach of contract claim against Offer Space, and asserted an alter ego claim against Armstrong and Traffic Space claiming they are liable for Offer Space's breach of contract. Plaintiff also asserted an unjust enrichment claim against all three defendants.

On August 24, 2020, Offer Space filed an Answer and Counterclaim, while Armstrong and Traffic Space filed a motion to dismiss.

On October 14, 2020, this Court issued a Decision and Order denying defendants' motion to dismiss.

On October 28, 2020, Defendants filed this joint motion to transfer to the District of Utah. Plaintiff filed a statement of non-opposition to the transfer motion on December 11, 2020.

For the reasons stated below, Defendants' Motion to Transfer to the District of Utah is GRANTED.

**FACTS**

    **I.**    **Parties**

All three defendants have strong ties to Utah. Offer Space and Traffic Space are both limited liability companies, organized and existing, and with their principal place of business in Utah. First Amend. Compl. Dkt. No. 25 ¶¶ 6–7. The two companies share an office address in Utah. *Id.* Armstrong is a natural person and resident of Utah and is the sole member and only registered principal of both companies. *Id.* ¶¶5–7.

Plaintiff is a limited liability company, organized and existing under the laws of Delaware, with its principal place of business in California. *Id.* ¶ 4. Plaintiff is owned by a single individual who also resides in California.

    **II.**    **Dealings**

The Court assumes the party's familiarity with the facts of this case as they were discussed in this Court's order denying the motion to dismiss last month. *See generally Sphere Digital, LLC v. Armstrong*, 20-CV-4313 (CM), 2020 WL 6064156 (S.D.N.Y. Oct. 14, 2020).

The primary dispute in this case is a breach of contract action; Plaintiff asserts an unjust enrichment claim in the alternative. There are two separate contracts – each with a choice of law and forum selection clause – that were raised in the course of the motion to dismiss. Plaintiff claimed the governing contract was an agreement between itself and Offer Space, called the Insertion Order. The Insertion Order included an agreement to apply New York State law and consent to the exclusive jurisdiction of New York. Dkt. No. 25-1 at 6. Defendant claimed the governing contract was an agreement between Plaintiff and Offer Space called the Program and Site Terms and Conditions. The Program and Site Terms and Conditions included an agreement

to apply the laws of the State of Utah and that "Any action arising hereunder shall be filed in the Fourth District Court, Utah County, State of Utah." Dkt. No. 31-1 at 8.

### III.     Analysis

Under 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

"In the Second Circuit, when considering a motion to transfer pursuant to § 1404(a), courts generally apply a two-step analysis. First, the court must determine whether the action could have been brought in the proposed transferee forum. If so, the court must determine whether the convenience of the parties and witnesses and the interests of justice favor transfer." *In re Seroquel XR (Extended Release Quetiapine Fumarate) Litig.*, 19-CV-8296 (CM), 2020 WL 5587416, at *3 (S.D.N.Y. Aug. 12, 2020) (citing *P.E.A. Films, Inc. v. Metro-Goldwyn-Mayer, Inc.*, No. 14-cv-726, 2014 WL 6769377, at *1 (S.D.N.Y. Nov. 12, 2014)).

This is a simple case because of the party's extensive contacts with Utah, and the Plaintiff's acquiescence to the transfer. The Court reaches its conclusion without determining which contract's forum selection clause governs.

First, this case could have been filed in Utah in the first instance. As this Court noted in its motion to dismiss decision, "It is also obvious that [the parties] disagree about the forum in which this case should be litigated – an issue that might well be amendable to decision on a *forum non conveniens* or transfer motion, since New York has absolutely nothing to do with a dispute between individuals from Utah and California who have created corporations under laws of Delaware and Utah." *Sphere Digital, LLC*, 2020 WL 6064156, at 4.

Second, Utah is a far more convenient location for the parties and witness. First, Plaintiff has filed a Statement of Non-Opposition to Motion to Transfer. Dkt. No. 51. All three defendants are located in Utah. The breach giving rise to this action occurred in Utah, and Plaintiff conducted business with the Defendants in Utah for years prior to this action. There is no reason this case could not have been filed in Utah, and there is no reason why it should not be transferred there now.

**CONCLUSION**

For the reasons set forth above, Defendant's motion to transfer to the District of Utah is GRANTED.

The Clerk of the Court is directed to remove the motion at Dkt. No. 49 from the Court's list of pending motions.

DATED: November 13, 2020

New York, New York

_____

Chief Judge

BY ECF TO ALL PARTIES